IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Rachel Robertson, | Case No: 2:23-cv-2473 |
| Plaintiff, | Judge Graham |
| v. | Magistrate Judge Vascura |
| Joseph R. Biden, | |
| Defendant. | |

Order

Plaintiff Rachel Roberston, proceeding *pro se*, alleges that her constitutional rights were violated by one or more executive orders issued by the President of the United States, Joseph Biden. Her claims relate to the President's 2021 executive orders mandating COVID-19 vaccinations for employees of the federal government, federal contractors, and employees of employers with at least 100 employees.  She alleges that the vaccine mandate caused her emotional distress over being required to choose between keeping her job or violating her religious beliefs.  Plaintiff seeks at least $3.2 million in damages from the President.

In an initial screening Report and Recommendation, the Magistrate Judge determined that plaintiff's claims are barred by the doctrine of presidential immunity, which entitles the President of the United States to "absolute immunity from damages liability predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982).  The Magistrate Judge recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is before the Court on plaintiff's objections and motion for leave to file an amended complaint.  Plaintiff argues that she is suing the President in both his official and individual capacities, and she wishes to amend her complaint to the extent that it is unclear on this point.  In plaintiff's view, presidential immunity would not bar an individual capacity suit because the President "stepped outside his job description" when he issued the executive orders mandating COVID-19 vaccinations.

Plaintiff's argument must be rejected.  Suing the President in his individual capacity does not help a plaintiff avoid the application of presidential immunity.  The critical inquiry is whether the

action being challenged came "within the 'outer perimeter' of [the President's] official responsibility." *Nixon*, 457 U.S. at 756. If so, then the President is entitled to absolute immunity. *Id.* The issuance of executive orders is unquestionably within the President's official responsibilities. *See Bldg. & Const. Trades Dep't, AFL-CIO v. Allbaugh*, 295 F.3d 28, 32–33 (D.C. Cir. 2002).

Plaintiff expresses her understanding that the vaccine mandates have been declared to be unconstitutional. The Court notes that the United States Supreme Court and Fifth Circuit Court of Appeals have issued rulings which imposed stays on certain aspects of the Biden administration's vaccine mandates. *See Nat'l Fed'n of Indep. Bus. v. Dep't of Lab., Occupational Safety & Health Admin.*, 595 U.S. 109 (2022); *Feds for Med. Freedom v. Biden*, 63 F.4th 366, 370 (5th Cir. 2023). Nonetheless, whether a particular exercise of executive power is later declared to be unlawful is not the test for immunity – it is whether the exercise was an "official act" of the President. *See Nixon*, 457 U.S. at 756; *Newdow v. Bush*, 355 F.Supp.2d 265, 282 (D.D.C. 2005) (finding "no support at all" for an exception to presidential immunity "where [the President] is claimed to have violated the Constitution"). Again, plaintiff's claims squarely challenge official acts of the President and are barred by presidential immunity.

Accordingly, the Court OVERRULES plaintiff's objections (doc. 6), DENIES plaintiff's motion for leave to amend the complaint (doc. 7), ADOPTS the Report and Recommendation (doc. 3), and DISMISSES the complaint. Plaintiff's miscellaneous motions (docs. 8, 9, 11) are DENIED AS MOOT.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: October 17, 2023